COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Alston and Senior Judge Coleman


JAMES CHRISTOPHER HANEY

MEMORANDUM OPINION[*]
v.      Record No. 1204-10-4                                        PER CURIAM
                                                                   NOVEMBER 2, 2010
MARINA A. HANEY


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

(James Christopher Haney, *pro se*, on brief).

No brief for appellee.


James Christopher Haney (husband) appeals four qualified domestic relations orders

(QDROs) entered by the trial court. Husband argues that the trial court erred by entering the

QDROs because they do not conform to the final decree of divorce. Upon reviewing the record

and opening brief, we conclude that this appeal is without merit. Accordingly, we summarily

affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

The parties married on July 29, 1992, separated on September 24, 2008, and divorced on

December 10, 2009. The final decree of divorce divided equally the marital share of husband's

retirement plans as follows:

4. IRA's:

The following American Century IRA's held in husband's name
are marital and shall be divided equally between the parties:

IRA PLANS VALUE DATE OF HEARING

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

$$* \quad * \quad * \quad * \quad * \quad * \quad *$$

| | |
|---|---|
| Northeast Investors Trust – IRA | $13,251.01 |
| Northeast Investors Trust – Roth | $ 2,602.71 |

$$* \quad * \quad * \quad * \quad * \quad * \quad *$$

5.  RETIREMENT PLANS:

A.  The following 403(B) Plans held in husband's name are marital and shall be divided equally between the parties with each receiving 50% of the value of said accounts:

| | |
|---|---|
| Defenders of Wildlife Vista 403(b) | $ 6,882.16 |
| Defenders of Wildlife Intrntl. Growth 403(b) | $16,953.41 |
| Defenders of Wildlife Prime Money 403(b) | $ 4,102.65 |
| Defenders of Wildlife Infl.-adj Bond 403(b) | $34,063.89 |

$$* \quad * \quad * \quad * \quad * \quad * \quad *$$

C.  The Defender's Prudential Retirement Plan held in husband's name with an approximate balance of $36,273.40 is part-marital and part separate. . . . The marital share is valued at approximately $25,513.55 and shall be divided equally between the parties with each receiving 50% of the marital share.

$$* \quad * \quad * \quad * \quad * \quad * \quad *$$

E.  The TIAA and CREF plans held in husband's name are marital and shall be divided equally between the parties.  The TIAA plan . . . has an approximate value of $4123.00 and the CREF plan . . . has an approximate value of $4534.00.

Counsel for Marina A. Haney (wife) prepared the QDROs to divide the retirement. Husband objected to the QDROs because they modified the language from the final decree.  The trial court entered the QDROs, over husband's objections.  This appeal followed.

ANALYSIS

Husband argues that the trial court erred in entering the QDROs because they did not reflect the language in the final decree of divorce.  Specifically, he contends that the QDROs

included language that allowed passive gains and losses on wife's share and transferred her share on a *pro rata* basis.

Husband asserts that the trial court violated Rule 1:1 by entering the QDROs that included language not in the final decree. The final decree did not provide that wife would receive gains or losses on her share, so, according to husband, the trial court impermissibly modified its order more than twenty-one days after the hearing.

A trial court

> shall have the continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce any order entered pursuant to this section, including the authority to:
>
>     *       *       *       *       *       *       *
>
> Modify any order . . . intended to affect or divide any pension, profit-sharing or deferred compensation plan or retirement benefits pursuant to the United States Internal Revenue Code or other applicable federal laws, only for the purpose of establishing or maintaining the order as a qualified domestic relations order or to revise or conform its terms so as to effectuate the expressed intent of the order.

Code § 20-107.3(K)(4).

As in <u>Lewis v. Lewis</u>, 53 Va. App. 528, 540, 673 S.E.2d 888, 894 (2009), the final decree of divorce in this case did not award wife half of the marital share as of a particular date. Likewise, the final decree did not "specifically state[] that the parties intended to allot wife only half of the actual amount in the account on" a specific date. <u>Id.</u>

> Instead, the [final decree] awarded wife half of the "marital share," which accrued passive interest after the parties separated and after the [entry of the final decree]. This interest in clearly not part of husband's separate portion of the [retirement accounts] nor is it part of husband's marital portion of the [retirement accounts]. . . . Thus, the interest that accrued on wife's portion of the marital share belonged to wife, just as the interest that accrued on husband's portion of the marital share belonged to husband.

<u>Id.</u> (internal citations omitted).

Since the final decree did not award wife a specific amount of husband's retirement as of a particular date, the trial court did not err in including a provision that awarded gains or losses on wife's portion of the marital share.[1]

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.

---

[1] Husband also argues that the trial court changed the valuation date for the QDRO submitted to TIAA-CREF because the QDRO stated that wife's share would be "adjusted for any passive gains or losses from September 24, 2008." As stated above, the final decree did not divide the TIAA-CREF as of a particular date; therefore, the trial court did not err in including a date in the QDRO. In fact, the date used was the parties' date of separation.